**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4408

MARK CLIFTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4409

CHAWN THOMPSON,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-96-62-H)

Submitted: September 29, 1998

Decided: October 28, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

No. 97-4408 affirmed and No. 97-4409 affirmed in part, vacated in
part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

H. Gerald Beaver, Richard B. Glazier, BEAVER, HOLT, RICHARD-SON, STERNLICHT, BURGE & GLAZIER, P.A., Fayetteville, North Carolina; Joseph B. Gilbert, MCNEIL & GILBERT, Jacksonville, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Chawn Thompson and Mark Clifton of conspiracy to distribute and possess with intent to distribute crack cocaine and Clifton of possession with intent to distribute crack. Thompson and Clifton appeal their convictions on the ground that the evidence was insufficient. Thompson also appeals his sentence, challenging the two-point enhancement for obstruction of justice resulting from perjury at trial under U.S. Sentencing Guidelines Manual § 3C1.1 (1995), on the ground that the district court's findings were inadequate under United States v. Dunnigan, 507 U.S. 87 (1993). We affirm Thompson's and Clifton's convictions but vacate Thompson's sentence and remand for the district court to resentence Thompson.

I.

Taking the evidence in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), testimony at trial disclosed that postal inspectors intercepted two packages from New York, each addressed to Steven Wilson, 34 Teakwood Lane, Clinton, North Carolina. The packages were from Mary Johnson and Kelly

2

Wilson, and each package bore a return address of 1267 Hancock Street, Brooklyn, New York. Clifton lived at 1269 Hancock Street, Brooklyn, New York.

Postal inspectors obtained a search warrant after a drug detection dog indicated that the packages contained drugs. The larger package was a cardboard box, wrapped in brown paper and duct tape. Inspectors unwrapped the box and discovered inside the wrapping on the edge of the box a fingerprint made by Clifton's left index finger. The box contained 77.9 grams of crack cocaine. The smaller package contained plastic bags typically used to repackage crack for sale. Because postal inspectors, along with Drug Enforcement Administration agents and local police officers, decided to make a controlled delivery of the drugs, the packages were carefully rewrapped to appear as though they had not been opened.

A postal inspector dressed as a letter carrier and went to deliver the packages to Steven Wilson at 34 Teakwood Lane. As the inspector approached the mobile home, Thompson came out and identified himself as Steven Wilson. Before handing Thompson the packages, the inspector asked him if he was Steven Wilson and if he was expecting anything, and Thompson said yes to both questions. Thompson printed and signed the name Steven Wilson on the package receipts and returned to the mobile home with the packages.

The inspector notified other agents that the packages had been received, and agents executed a search warrant for the mobile home. When agents entered, no one was in the mobile home. Agents posted at the back of the trailer apprehended Clifton and Thompson. After arresting them, agents discovered in the mobile home the small package and the cardboard box containing crack cocaine. The box was unopened, except for one slice on the side of the box. Agents also seized a backpack that contained packaging materials similar to those in the small package. Thompson identified the backpack as his. In addition, on a piece of an envelope found near the small package was written "to Steven Wilson, from Mary Johnson, 1267 Hancock." Clifton's mother's address appeared on the other side of the paper.

A jury found Clifton and Thompson guilty of conspiracy to distribute and to possess with intent to distribute crack cocaine and Clifton

of possession with intent to distribute crack. The probation officer prepared a presentence report for Thompson and recommended a two-level enhancement under USSG § 3C1.1 for obstruction of justice resulting from perjury at trial. Although Thompson objected at sentencing, the district court applied the enhancement. The court found that based on its recollection of the testimony and evidence in the case, "the testimony in that background was false." (J.A. at 189). Thompson received a 156-month prison term to be followed by five years of supervised release.

II.

Clifton challenges his convictions on the ground that the evidence was insufficient, and Thompson claims that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. We review the denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). In deciding whether the evidence was sufficient, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); Glasser, 315 U.S. at 80. If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

To prove conspiracy to possess crack with intent to distribute, the government must establish: (1) an agreement between two or more persons to possess crack with intent to distribute it; (2) knowledge of the conspiracy by the defendant; and (3) a knowing and voluntary decision by the defendant to join the conspiracy. See Burgos, 94 F.3d at 857. Agreement to participate in a conspiracy need not be proved by direct evidence but may be inferred from circumstantial evidence. See id. at 857-58.

The evidence at trial disclosed that Thompson identified himself to the postal inspector as Steven Wilson and said that he was expecting

4

some packages. Thompson signed the package receipts with the name Steven Wilson and took the packages inside the mobile home where Clifton was visiting. One package contained crack cocaine, and the other contained packaging materials typically used in distribution. Similar packaging materials were found in a backpack that Thompson identified as his. We find that the evidence was sufficient and that the district court did not err in denying Thompson's Rule 29 motion. See Romer, 148 F.3d at 364; Burgos, 94 F.3d at 857.

As for Clifton, the evidence at trial disclosed that his fingerprint was on the cardboard box inside the wrapping. The senders' address was 1267 Hancock Street, Brooklyn, New York, and Clifton resided at 1269 Hancock Street. Clifton then traveled to North Carolina to see Thompson at 34 Teakwood Lane, the address to which the packages were sent. Under Burgos, we find that the evidence was sufficient to convict Clifton of conspiracy. See Burgos, 94 F.3d at 857.

To establish that Clifton possessed a controlled substance with the intent to distribute, the government must prove that: (1) the defendant possessed the controlled substance both knowingly and intentionally; and (2) with the intent to distribute. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Possession may be actual or constructive and may be proven by circumstantial evidence. See id. Constructive possession exists when the defendant exercises, or has the power to exercise, dominion or control over the item or the premises in which the contraband is concealed. See id. Intent to distribute may be inferred from quantities of drugs too large for personal consumption. See id.

We find that the evidence was sufficient to convict Clifton of possession with intent to distribute. His fingerprint was on the box inside the wrapping, and the box was mailed to Steven Wilson at 34 Teakwood Lane, Clinton, North Carolina. Clifton traveled to meet Thompson at his mobile home bearing the same address. Finally, the box contained 77.9 grams of crack--an amount too large for personal consumption. See id. From these facts, a rational trier of fact could have found that Clifton possessed the crack knowingly and intentionally and with an intent to distribute. See Burgos, 94 F.3d at 862.

While Clifton and Thompson provide different explanations for what transpired, it is well established that the credibility of witnesses

5

is within the sole province of the fact finder and generally is unreviewable on appeal. See United States v. Wilson , 118 F.3d 228, 234 (4th Cir. 1997). Here, the jury was given the opportunity to hear the government's evidence and Defendants' recitation of the facts. The jury's apparent refusal to believe Defendants' version of the facts was within its province and its guilty verdicts were supported by the evidence. When viewed in the light most favorable to the government, the evidence was sufficient to find the elements of both crimes as to Clifton and Thompson beyond a reasonable doubt.

III.

Thompson also appeals his sentence, challenging the district court's assessment of a two-level enhancement for obstruction of justice based on perjury at trial. Section 3C1.1 provides that the sentencing court may impose a two-level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1.

In United States v. Dunnigan, 507 U.S. 87, 92-98 (1993), the Supreme Court held that the sentencing court may impose an adjustment pursuant to § 3C1.1 if it finds that defendant committed perjury during the proceedings. A witness who testifies under oath or affirmation commits perjury if he: (1) gives false testimony; (2) concerning a material matter; (3) with the willful intent to deceive, rather than as a result of confusion or mistake. See id. at 94; United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). If defendant objects to such an adjustment, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same, under the perjury definition" set out above. See Dunnigan, 507 U.S. at 95. The district court should address each element of the alleged perjury in a separate finding. See id. However, the district court's decision to adjust defendant's sentence will suffice as long as "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Id.

In Dunnigan, the district court had stated:

6

"The court finds that <u>the defendant was untruthful at trial</u> <u>with respect to material matters</u> in this case.[B]y virtue of her failure to give truthful testimony on material matters <u>that were designed to substantially affect the outcome of the</u> <u>case</u>, the court concludes that the false testimony at trial warrants an upward adjustment by two levels."

<u>Dunnigan</u>, 507 U.S. at 95 (quoting district court opinion) (alteration in original). The Supreme Court concluded that the district court's finding sufficiently encompassed all of the factual predicates for a perjury finding, and the Court therefore affirmed the district court's adjustment. <u>See id.</u>

At Thompson's sentencing, the district court imposed a two-level enhancement pursuant to § 3C1.1, finding that"the testimony . . . was false." (J.A. at 189). Thus, the district court clearly did not address each element of Thompson's alleged perjury in a separate finding. Nor did the court's limited finding "encompass[ ] all of the factual predicates for a finding of perjury." <u>Dunnigan</u>, 507 U.S. at 95. The court's finding encompassed only the first factual predicate for a per-jury finding, namely that Thompson gave false testimony. The district court did not specify the testimony in question, did not address whether the testimony related to a material matter, and did not address whether Thompson wilfully intended to give false testimony or whether the false testimony resulted from confusion or mistake. Because the district court failed to make the factual findings neces-sary to support an enhancement under USSG § 3C1.1, we remand for the district court to resentence Thompson. <u>See Dunnigan</u>, 507 U.S. at 95; <u>Smith</u>, 62 F.3d at 647 (remanding for resentencing where district court simply stated, "All right. Well, I will deny the objection to the increase for obstruction of justice.").

IV.

Accordingly, we affirm Clifton's and Thompson's convictions. We vacate Thompson's sentence and remand for the district court to resentence Thompson, solely to permit the district court to reconsider the obstruction of justice adjustment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

7

materials before the court and argument would not aid the decisional process.

No. 97-4408 - <u>AFFIRMED</u>
No. 97-4409 - <u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

8